# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6598 | **DATE** | 3/9/2011 |
| **CASE TITLE** | Escobedo vs. Ram Shirdi, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to strike Defendants' answer for failure to seek leave or written stipulation [40] is denied. The Court grants Defendants American Hotel Partners and Ram Shirdi, Inc.'s oral motion for leave to file an amended answer. The amended answer on file [39] is deemed filed as of March 9, 2011.

■[ For further details see text below.]

Docketing to mail notices.

---

# STATEMENT

Before the Court are (1) Plaintiff's motion to strike Defendants' answer for failure to seek leave or written stipulation [40] and (2) Defendant's oral motion, made at the hearing on Plaintiff's motion, for leave to file an amended answer. By way of background, the original complaint in this case was filed on October 14, 2010 [1]; an amended complaint [11] was filed on December 14, 2010. Two of the three named Defendants, who are represented by the same counsel, filed an answer to the amended complaint on January 3, 2011 [see 15]. In their initial status report [16], the parties agreed that the deadline to amend the pleadings or join additional parties would be August 15, 2011. The same two Defendants, American Hotel Partners and Ram Shirdi, Inc., filed an amended answer [39] on February 28, 2011. The next day, March 1, Plaintiff filed its motion to strike the amended answer. (The Court recently granted Plaintiff's motion to serve a third Defendant by alternative means [see 42].)

At the hearing on the motion to strike, counsel for Defendants expressed the view that, given the parties' agreement that the deadline for amending the pleadings was several months in the future, neither leave of court nor a stipulation was required before an amended answer could be filed. In the alternative, Defendants made an oral motion for leave to file an amended answer. Plaintiff first contends that the amended answer could not properly be filed without either leave of court or a written stipulation of the parties. Plaintiff also argues that leave should be denied because (1) good cause cannot be shown for the numerous material changes between the original and amended answers and (2) Plaintiff has served discovery based on the original answer and much of the parties' discovery efforts to date would be undermined by a materially altered answer.

The Court agrees with Plaintiff that the mere setting of a deadline – that is, an outer boundary – for the amending of pleadings does not automatically confer a right on the parties to amend their pleadings at will. Given that agreed outer boundary, it often will be the case (though not here) that the parties will agree to motions for leave to amend. But given the countless ways in which pleadings may be amended and the possible scenarios in which

leave to amend might be denied irrespective of timing issues, the Court believes that the appropriate course is to request leave to file an amended pleading unless a right to amend as a matter of course has been conferred under the Federal Rules of Civil Procedure.

In view of the determination that the court's permission is required, the Court now takes up Defendants' oral motion for leave to file their amended answer. The standard for leave to file an amended pleading in the federal courts is a generous one: leave to amend should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bressner v. Ambroziak*, 379 F.3d 478, 484 (7th Cir. 2004) (observing that Rule 15(a) "presumes that, in most cases, motions for leave to amend [will] be liberally granted"). The permissive approach under Rule 15 "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. PaineWebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989). However, leave to amend may be denied on several grounds, including undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in prior pleadings, undue prejudice to the opposing party, or futility. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004); see also *Foman*, 271 U.S. at 182. None of those grounds is apparent at this juncture of the case. The need to revise and/or supplement discovery requests on the basis of amended pleadings is a common issue, and one that does not give rise to *undue* prejudice absent repeated or belated amendments. The proposed amended answer in this case is the first such amendment for Defendants and it comes less than two months after the filing of the initial answer and long before the deadline for amending pleadings to which the parties agreed. At the hearing counsel for Plaintiff also raised the possibility of a Rule 11 attack on the amended pleading. As the Court noted, if Plaintiff wishes to pursue that path, it must adhere to the procedures set forth in Rule 11 itself. Based on the record currently before the Court, however, the Court cannot see any reason why leave to file an amended answer should not be granted under the liberal Rule 15 standard.