# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6598 | **DATE** | 3/16/2011 |
| **CASE TITLE** | Escobedo et al vs. Ram Shirdi Inc. et al | | |

**DOCKET ENTRY TEXT**

WRITTEN Opinion Signed by the Honorable Michael T. Mason on 3/16/2011: Defendants' motion to strike, limit and/or for a protective order pursuant to FRCP 26(b)(2)(A) and (c)(1) regarding plaintiff's requests to admit [32] is denied. Defendants shall serve their responses to plaintiff's first set of requests to admit no later than 4/6/11. For further detail see below.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Currently pending before this Court is the motion to strike, limit and/or for a protective order pursuant to FRCP 26(b)(2)(A) and (c)(1) regarding plaintiff's requests to admit [32] filed by defendants Ram Shirdi, Inc. ("Ram") and American Hotel Partners, Inc. ("American") (collectively, "the corporate defendants"). The corporate defendants, along with defendant Pervez Akhtar ("Akhtar"), have been sued by plaintiff Margarita Escobedo, who claims that, during her employment by defendants, she suffered sexual harassment, retaliation, intentional infliction of emotional distress, and assault and battery. (*See* Parties' Initial Status Report at 2 [16].) Plaintiff also claims that defendants failed to pay her overtime wages for hours worked in excess of forty hours per work week, in violation of the Fair Labor Standards Act and the Illinois Minimum Wage Law. (*Id.*) On 3/3/11, based on plaintiff's lack of success in serving defendant Akhtar, the District Court granted plaintiff leave to serve him by certain alternative means no later than 4/4/11 [42].

The corporate defendants seek to avoid responding to plaintiff's First Set of Requests to Admit ("RFAs") that plaintiff served upon each of them on or about 1/6/11. (Mot. Exs. A, B [32-1, 32-2].) Each set of those requests contain 145 RFAs. (*Id.*) The corporate defendants contend that the "sheer number" of those requests is burdensome. (Mot. ¶ 12.)

For her part, plaintiff argues in her response to the motion that each of her RFAs are relevant, and that the corporate defendants have rejected her offer to enter into stipulations that would have narrowed the issues and made certain of those RFAs unnecessary. (Resp. at 2 [45]; Mot. Exs. D, E [32-4, 32-5].) Defendants have also evidently rejected her offer to review the RFAs with them to determine if any were irrelevant or duplicative so plaintiff could possibly withdraw them. (Resp. at 2.) Plaintiff further contends that the corporate defendants recently amended their answer and made significant changes to their responsive allegations, including now denying that they employed Akhtar and that he worked for him as a manager. (*See* Resp. at 5; Am. Ans. [15].) Given that amendment, plaintiff asserts she cannot rely on defendants'

answer to limit depositions or interrogatories. (Resp. at 5.) Plaintiff also argues that her RFAs are not unreasonably cumulative or duplicative, and are not relatively voluminous when compared with the number of issues in this case. (Resp. at 4-5.)

As an initial matter, it bears noting that the Federal Rules of Civil Procedure contemplate liberal discovery, and that "relevancy" under Rule 26 is extremely broad. That Rule provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, while the scope of permissible discovery remains broad, it is not unlimited. A party seeking discovery must demonstrate that the information sought is "relevant to any party's claim or defense." *Id.*

Federal Rule of Civil Procedure 36, which governs requests for admission, "[a] party may serve on any other party a written request to admit ... the truth of any matters within the scope of Rule 26(b)(1) relating to ... facts, the application of law to fact, or opinions about either; and ... the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).According to the Advisory Committee Notes to the 1970 Amendment of that Rule, "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." RFAs are "discovery tools which aid the court and the parties by limiting and refining the claims that will be asserted at trial .... [T]hey are generally quite important in resolving issues ... [and n]o presumptive limit has ever been set on the number of requests a party can propound." *BP Amoco Chemical Co. v. Flint Hills Resources, LLC*, No. 05-5661, 2008 WL 4542738, at *1 (N.D. Ill. June 11, 2008) (citations and quotations omitted).

Here, the corporate defendants do not argue that any of plaintiff's 145 RFAs encompass irrelevant issues. Nor do they contend that any of the RFAs seek information beyond the scope permitted by Rule 36. Instead, they object solely to the "sheer number" of those RFAs. Defendants want to limit the number of RFAs to 59, the number apparently propounded in the companion case of *Lopez v. Ram Shirdi et al.*, Case No. 10-6590 (Mot. ¶ 15), which has been referred to this Court for supervision of discovery proceedings only. (*See* Order dated 3/2/11 in Case No. 10-6590 [34].)

Other than their generic citation to the Court's power under Rule 26(b)(2)(A) and (c)(1) to limit discovery, the corporate defendants fail to cite any applicable authority in support of their argument that 145 RFAs are excessive. Their citation to Illinois Supreme Court Rule 216(f)'s limitation on RFAs to thirty (Mot. ¶ 12) is unavailing. As the District Court has evidently already advised the parties (Resp. at 2), this case is proceeding in federal court, and therefore discovery is governed by the Federal Rules of Civil Procedure. The corporate defendants' failure to cite even a single case striking a similar number of RFAs as burdensome is telling.

It is also telling that defendants do not argue that responding to plaintiff's RFAs would be more burdensome than having to conduct depositions on the matters sought to be admitted. At least one court in this District has concluded that a greater number of RFAs – 177 – was not excessive (although many of those RFAs failed for other reasons not argued here). *See Sommerfield v. City of Chicago,* 251 F.R.D. 353, 355 n. 3 (N.D. Ill. 2008). Another court has noted that, because of the "relatively inefficient, inexpensive, and conclusive nature of requests to admit, a court should be reasonably certain of the existence of discovery abuse before it limits the number or scope of requests to admit with regard to any matter otherwise discoverable." *Sun Elec. Corp. v. Allen Group*, No. 82-7684, 1985 U.S. Dist. LEXIS 22571, at *6 (N.D. Ill. Feb. 14, 1985). The

corporate defendants have made no showing of any discovery abuse by plaintiff to date.[1] Contrary to this Court's understanding of the spirit of Local Rule 37.2, defendants have also failed to make any attempt to work with plaintiff to narrow the number of RFAs in dispute. Finally, defendants have not offered any substantive method by which this Court might cull the 145 RFAs down to 59, the evidently magic number of RFAs defendants apparently find unobjectionable. (*See* Mot. ¶ 15.)

For those reasons, defendants' motion to strike, limit and/or for a protective order pursuant to FRCP 26(b)(2)(A) and (c)(1) regarding plaintiff's requests to admit [32] is denied. Given the 6/30/11 deadline for fact discovery set by the District Court [17], the corporate defendants shall serve their responses to plaintiff's first set of requests to admit no later than 4/6/11.

We remind defendants of their duty under Rule 36(a) to make a good-faith effort in answering the requests. "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). If either corporate defendant objects to any request, it shall specifically state its reasons for doing so. Fed. R. Civ. P. 36(a)(5). "A party must not object solely on the ground that the request presents a genuine issue for trial." *Id.*

---

1.  While plaintiff's motion regarding alleged witness tampering [18] is pending before this Court, and corporate defendants intimate in their response that plaintiff filed a "false and perjurious affidavit" in connection with that motion [23], an evidentiary hearing regarding those issues has been set but not yet been held [*see* 31]. Regardless, this Court declines to consider the arguments of counsel – made in response to an unrelated motion – as evidence of potential discovery misconduct. *See, e.g., Penn-Daniels, LLC v. Daniels*, No. 07-1282, 2010 WL 431888, at *3 (C.D. Ill. Jan. 28, 2010) "[I]t is beyond cavil that the arguments of counsel are not evidence.").