# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6598 | **DATE** | 9/9/2011 |
| **CASE TITLE** | Margarita Escobedo vs. Ram Shirdi, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiff Margarita Escobedo's request for attorney fees with respect to attempts at service and related motions pursuant to 28 U.S.C. § 1927 directed at Defendant Pervez Akhtar [73]. For the reasons explained below, Plaintiff's motion [73] is denied.

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

Plaintiff filed the instant action against Ram Shirdi, Inc., American Hotel Partners, Inc. and Pervez Akhtar on October 12, 2010. Despite her efforts, Plaintiff was unable to obtain an address for Akhtar until January 13, 2011. Upon discovering from another Defendant's attorney what Plaintiff believed to be Akhtar's address (8340 Callie Avenue, Morton Grove, IL), Plaintiff hired process server Michael Fahey to personally serve Akhtar. Fahey attempted personal service on Akhtar three times, but because the address that Plaintiff attempted service on is a secured, seven-story condominium building, Fahey was unable to gain entrance to the dwelling. This Court granted Plaintiff's motion for special service on March 4, 2011, and, as a result of the Court's order, Fahey posted the summons, complaint and order on the front door of the seven-story condominium building on March 15, 2011. The summons, complaint, and order also were sent via certified mail. As of April 14, 2011, Akhtar had not filed an answer or otherwise pled as required by Federal Rule of Civil Procedure 12(a), prompting Plaintiff to file a motion for entry of default and default judgment. At the hearing on Plaintiff's motion for default, Akhtar appeared with a copy of Plaintiff's summons and complaint in hand but notified the Court that he had a new address. At that time, Akhtar provided the Court with his current address (8620 Frontage Road, Morton Grove), which was not the same address at which Plaintiff attempted service (8340 Callie Avenue, Morton Grove, IL). The Court gave Akhtar until June 2, 2011, to answer or otherwise plead, which he failed to do. The Court then gave Akhtar another extension, until June 30, 2011, to answer or otherwise respond, but again he failed to do so. On August 10, the Court granted Plaintiff's motion for the entry of default against Defendant Akhtar, but denied the motion for default judgment without prejudice.

Plaintiff contends that Defendant's "evasion of service" led Plaintiff's counsel to expend time and expenses that otherwise would not have been necessary. Under 28 U.S.C. § 1927, this Court may award sanctions against "[a]ny attorney or *other person admitted to conduct cases* in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927 (emphasis added). In reading § 1927, the Supreme Court has noted the Court's authority to "assess attorney's

**STATEMENT**

fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted). Further, a court may assess attorney's fees, "when a party shows bad faith by delaying or disrupting the litigation or by hampering the enforcement of a court order." *Hutto v. Finney*, 437 U.S. 678, 689 (1978).

The current record in this case (as set forth in Plaintiff's motion for attorney fees and reflected in the docket) does not support Plaintiff's request. As the record stands before the Court, Plaintiff attempted service on Defendant three times at a secure condominium building, which may not even have been Defendant's current address. In support of her request for fees, Plaintiff has not provided evidence that Defendant had knowledge of the lawsuit, lived at the condo, and was evading service; rather, the record reflects that Defendant appeared in Court and gave the Court his current address, which is different from the one at which service was attempted. On the current record, the Court cannot conclusively determine that Defendant Akhtar was in fact evading service. Plaintiff makes much of the fact that Defendant has failed to respond to the complaint and now has a default entered against him; however, these facts do not support a finding that he evaded service, such that fees associated with the service are warranted. To the extent that Plaintiff believes that an award of fees may be warranted based on the disposition of the claims against Defendant, Plaintiff may request those fees at the time that she files a motion for prove-up and default judgment. Plaintiff's motion for fees related to the service of Defendant [73] is denied.