# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6598 | **DATE** | 3/12/2012 |
| **CASE TITLE** | Escobedo vs. Ram Shirdi, et al. | | |

**DOCKET ENTRY TEXT**

This matter is before the Court on Defendants' motion to dismiss [100]. For the reasons set forth below, the Court denies Defendants' motion [100].

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

# STATEMENT

Defendants Ram Shirdi, Inc.'s and American Hotel Partners, Inc.'s six-paragraph motion to dismiss seeks dismissal of Counts III (assault and battery) and IV (intentional infliction of emotional distress) of Plaintiff's Second Amended Complaint, maintaining that the Illinois Workers' Compensation Act ("IWCA") preempts Plaintiff's state law claims because it provides employees with the exclusive remedy for "accidental" injuries arising during the course of employment. See 820 ILCS 305/1 *et seq*; see also *McPherson v. City of Waukegan*, 379 F.3d 430, 442 (7th Cir. 2004). Defendants' motion warrants a similarly brief response from the Court.

Defendants' brief ignores the fact that "the IWCA does not provide an exclusive remedy for all injuries suffered in the workplace." *Johnson v. Federal Reserve Bank of Chicago*, 557 N.E.2d 328, 332 (Ill. App. Ct. 1st Dist. 1990). Rather, "[i]ntentional torts, such as infliction of emotional distress apart from vexatious delay, fall outside the scope of the Act as they are not accidental and do not arise from conditions of employment." *Id.*; see also *Toothman v. Hardee's Food Systems, Inc., et al.*, 710 N.E.2d 880, 526-28 (Ill. App. Ct. 5th Dist. 1999) (affirming trial court's decision to allow plaintiffs' to sue at common law for intentional torts, including assault and battery, committed by a manager at a Hardee's store). Defendants' motion similarly ignores the fact that the Act does not bar common law actions for intentional torts "where the injury was inflicted by the employer or a co-employee acting as the alter ego of the employer." *Id.*

Here, Plaintiff alleges intentional conduct by a person–Pervez Akhtar–acting in his capacity as a managerial employee of Defendants. Plaintiff's complaint details lurid sexual harassment committed by a manager at her place of employment followed by negative consequences to Plaintiff when she refused Akhtar's advances. Plaintiff supports her contention with specific facts as to Akhtar's managerial authority, including allegations that he had the power to hire and fire employees, discipline employees, change work schedules, and sign company checks and the payroll. Plaintiff also alleges that Defendants had knowledge of Akhtar's ongoing harassment and permitted it to continue. The allegations set forth in Plaintiffs' complaint clearly support the

**STATEMENT**

view that she is not bringing a claim for "accidental" injuries and sufficiently demonstrate alter ego liability at this stage of the case. Defendants' motion to dismiss Counts III and IV is denied.

