# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6598 | **DATE** | 4/25/2013 |
| **CASE TITLE** | Escobedo vs. Ram Shirdi, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Plaintiff's motion for partial summary judgment [157], grants Plaintiff's motion to strike Defendants' motion for summary judgment [166], and strikes Defendants' motion for summary judgment [164].

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

**I.    Plaintiff's Motion for Partial Summary Judgment [157]**

   **A.    Background**

Plaintiff filed her Second Amended Complaint on June 14, 2011, alleging that she was sexually harassed and retaliated against by Defendants in 2010. Both Ram Shirdi, Inc. and American Hotel Partners, Inc. were joint employers of Plaintiff. In 2009, Ram Shirdi, Inc. and American Hotel Partners, Inc. filed separate federal income tax returns, but claimed the same income and same deductions for salaries and wages. In 2009, Defendants employed 15 or more employees in at least 34 weeks. In 2010, Defendants employed 15 or more employees in at least 48 weeks.

Plaintiff moves for partial summary judgment on the issue of whether Defendants employed 15 or more employees in 20 or more calendar weeks in 2010 and 2009, a requirement for Title VII liability. Defendants forced Plaintiff to bring the instant motion for partial summary judgment because Defendants refused to amend their answer and request to admit denials regarding Title VII jurisdiction even after being confronted with their own payroll records produced by Defendants' counsel in the case.

   **B.    Legal Standard**

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [opposing] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

### C. Analysis

Title VII requires that an employer must have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The phrase "current calendar year" refers to the year in which the alleged discrimination occurred. *Komorowski v. Townline Mini-Mart & Restaurant*, 162 F.3d 962, 966 (7th Cir. 1998). In this case, Plaintiff must demonstrate that Defendants employed 15 or more employees in 20 or more calendar weeks of 2009 and 2010.

"The United States Supreme Court has held that under 42 U.S.C. § 2000e(b) the payroll method should be used to determine whether an employment relationship exists between an individual and the alleged employer." *Mizwicki v. Helwig*, 196 F.3d 828, 831 (7th Cir. 1999) (citing *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 205-07 (1997)). "Under the payroll method set forth in *Walters*, the plaintiff is required to show that at least fifteen employees were on the defendant's payroll for twenty weeks during the year of, or preceding, the alleged harassment." *Id.* at 832 (citations omitted); see also *Smith v. Castaways Family Diner*, 453 F.3d 971, 974 (7th Cir. 2006) "[A]ll one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure." *Walters*, 519 U.S. at 211. The payroll register reports produced by Defendants during discovery demonstrate that they employed at least 15 employees during more than 20 weeks in both 2009 and 2010. In 2009, Defendants employed 15 or more employees in at least 34 weeks. In 2010, Defendants employed 15 or more employees in at least 48 weeks.

Rather than confronting these facts, Defendants use their response brief as a condensed summary judgment motion in which they claim that the jurisdictional allegations are irrelevant because Plaintiff has failed to show a prima facie case of discrimination. Defendants' response brief misses the point. If Defendants want to challenge whether Plaintiff has made a prima facie case of discrimination, the proper course for Defendants is to file their own summary judgment motion (which they since have done). However, in adopting Plaintiff's Local Rule 56.1 statement of facts as their own and failing to file a response denying Plaintiff's statement of facts, Defendants admit that they employed the jurisdictional number of employees during the required time period. These admissions demonstrate that Plaintiff has proven Title VII jurisdiction and should have been made without the need for Plaintiff to go to the expense of filing a motion for partial summary judgment.

Defendants have failed to offer a sufficient explanation as to why they continued to deny that they employed more than 15 employees in their responses to requests to admit and when asked by a Rule 11 safe harbor letter to withdraw their denials after the payroll records had been produced. Due to Defendants' refusal to amend their

**STATEMENT**

answer after being confronted with clear evidence of Title VII jurisdiction, Plaintiffs are awarded reasonable costs and fees in being forced to bring this motion for partial summary judgment. See, *e.g.*, Fed. R. Civ. P. 37(c)(2) ("If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."); see also *Mach v. Will Co. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009). Defendants are warned that similar conduct in the future will be subject not only to fees, but potentially to sanctions as well.

## II. Plaintiff's Motion to Strike [166] Defendants' Motion for Summary Judgment [164]

On November 15, 2012, Defendants filed a motion for summary judgment [164]. In response, Plaintiff moved to strike Defendants' motion. As demonstrated below, Defendants' motion falls woefully short of the standards set forth in the local rules and Seventh Circuit case law.

First, Defendants failed to notice the motion in compliance with Local Rule 5.3, even after Plaintiff *twice* alerted Defendants to their failure. [See DE 166 at 7; 172 at 1.] Defendants' disregard for the local rules alone supports striking Defendants' motion for summary judgment.

Second, in their initial offering, none of Defendants' eight fact statements contained a citation to the record as required by Local Rule 56.1(a). Defendants also improperly inserted additional facts within their brief that they claim support their motion. Defendants have since revised their fact statements to include citations to two exhibits, but Defendants still improperly assert facts within their brief that were not asserted or supported in their statement of facts. Merely including facts in a responsive memorandum is insufficient to put the issue before the Court. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir. 1995); *Malec v. Sanford*, 191 F.R.D. 581, 594 (N.D. Ill. 2000). As the Seventh Circuit has stressed, facts are to be set forth in Rule 56.1 statements, and it is not the role of the Court to parse the parties' exhibits to construct the facts. Judges are not "like pigs, hunting for truffles buried in briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991). "Nor are they archaeologists searching for treasure." *Jeralds ex rel. Jeralds v. Astrue*, 2010 WL 4942161, at *7 (N.D. Ill. Dec. 8, 2010) (citing *DiLeonardi,* 181 F.3d 865, 867 (7th Cir. 1999)). It simply is not the court's job to sift through the record to find evidence to support a party's claim. *Davis v. Carter,* 452 F.3d 686, 692 (7th Cir. 2006). Rather, it is "[a]n advocate's job * * * to make it easy for the court to rule in his client's favor * * *." *Dal Pozzo v. Basic Machinery Co., Inc.,* 463 F.3d 609, 613 (7th Cir. 2006). Adherence to Local Rule 56.1 gives the opposing party the opportunity to either admit or deny the statement of fact, and to provide record support for either assertion. By not following the rule, a party injects facts into the case that have not been subject to the opposing side's scrutiny, nor presented to the court for its review. The Seventh Circuit repeatedly has held that a district court is within its discretion to strictly enforce compliance with its local rules regarding summary judgment motions and the Court will do so here. See *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 359 (7th Cir. 2009); *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000).

Furthermore, it is well settled that a defendant cannot hide contrary information learned in discovery from the Court. The Seventh Circuit in *Goka v. Bobbitt* explained:

> Defendants' argument ignores the principal purpose of the summary judgment rule which is "to

**STATEMENT**

isolate and dispose of factually unsupported claims or defenses." When a party has obtained knowledge through the course of discovery, or otherwise, that a material factual dispute exists and yet proceeds to file a summary judgment motion, in hopes that the opposing party will fail or be unable to meet its burden in responding to the motion, he defeats that purpose; and, more importantly, violates the rules of procedure which govern the conduct of trial, specifically Rule 11.

862 F.2d 646, 650 (7th Cir. 1988) (citation omitted). In *Goka*, the Seventh Circuit further stated that "We find it difficult to conceive how counsel for the defendants could have certified to the district court that to the best of her knowledge, information, and belief there were no genuine issues of material fact precluding summary judgment" when there was deposition testimony directly contradicting purported uncontested facts. *Id.* at 650-51.

Here, there is both ample record testimony and case law that is ignored by Defendants in their motion for summary judgment. For instance, Defendants argue that Pervez Akthar was not an employee of Defendants and therefore Defendants cannot be liable. This statement ignores basic legal principles and settled law and Defendants make no attempt to distinguish the adverse case law, choosing instead to ignore it. See, *e.g.*, *Lapka v. Chertoff*, 517 F.3d 974, 984 n. 2 (7th Cir. 2008);(noting that employer may be liable for harassment by a third party); *Dunn v. Wash. County Hosp.*, 429 F.3d 689 (7th Cir. 2005) ("Because liability is direct rather than derivative, it makes no difference whether the person whose acts are complained of is an employee, an independent contractor, or for that matter a customer."); *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 506 (7th Cir. 2004) (finding that an employer acts negligently if it fails "to take appropriate remedial measures once apprised of the harassment"). In addition to ignoring applicable law, Defendants also ignore material admissions by its managers that Pervez Akhtar was employed as a manager by Defendant. For example, in letter sent to the EEOC in response to Plaintiff's charge, Defendant's manager Ajai Agnihotri classifies Akhtar as the "backroom manager." And finally, Defendants' retaliation argument can be summed up as follows: "None of the hundreds of pages of deposition testimony from witnesses in the case tends to show that Plaintiff's employment at Motel 6 was adversely affected as a result of her reporting alleged sexual harassment." This assertion is particularly troublesome given that not one of Defendants' fact statements cites to any deposition testimony.

In sum, Defendants' summary judgment motion ignores critical admissions and adverse law and has wasted both Plaintiff's and the Court's time. Defendants' summary judgment presentation "reflects a kind of self-hypnosis that no lawyer can afford to practice in the summary judgment context–a view of the evidence through the lens of the Rule 56 movant rather than, as the Rule expressly mandates, that of the nonmovant * * *." *Farrow v. Humana Health Plan, Inc.*, 69 F. Supp. 2d 1050, 1062-63 (N.D. Ill. 1999). Therefore, the Court grants Plaintiff's motion to strike Defendants' summary judgment motion [166] and strikes Defendants' motion for summary judgment [164].