# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARGARITA ESCOBEDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 10-cv-6598 |
| ) | |
| RAM SHIRDI INC., ET AL., ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Margarita Escobedo's six-count third amended complaint alleges sexual harassment and retaliation (Counts I and II) under Title VII of the Civil Rights Act and the Illinois Human Rights Act, assault and battery and intentional infliction of emotional distress (Counts III and IV) under Illinois law, and violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law (Counts V and VI). She has sued Defendants Ram Shirdi Inc. (d/b/a Motel 6 of Calumet Park, IL #4501), American Hotel Partners, Inc., Pervez Akhtar, Vivak Khanna, Gorav Khanna, and Ajai Agnihotri. Defendants Ajai Agnihotri and Vivak Khanna have moved to dismiss the counts against them for lack of subject matter jurisdiction and failure to state a claim. For the reasons set forth below, the Court grants in part and denies in part Defendants' motions to dismiss [195 and 198]. To the extent that Defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to 12(b)(1), their motions are denied. However, their motions are granted with respect to their 12(b)(6) arguments that Plaintiff has failed to state a claim, and Plaintiff's claims against Defendants Ajai Agnihotri and Vivak Khanna are dismissed without prejudice.

I.  **Background**

Defendant Vivak Khanna was president of Defendant corporations, Ram Shirdi, Inc. and American Hotel Partners, Inc., and Defendant Ajai Agnihotri was their secretary. At all relevant times, Defendants each owned 50 percent of these corporations.[1] Defendants and their corporations were in the business of operating hotels.

In September 2009, Defendants hired Plaintiff Margarita Escobedo as a housekeeper for their Motel 6 in Calumet Park, Illinois. Plaintiff alleges that during her employment, her manager, Pervez Akhtar (also a defendant) sexually harassed her, and, when she resisted, Akhtar demoted her, reduced her work schedule, docked her pay, and eventually suspended her without pay. She also alleges that she worked, but was not compensated for, overtime.

Plaintiff filed an original and two additional complaints against Ram Shirdi Inc., American Hotel Partners, Inc., and Pervez Akhtar, claiming sexual harassment, retaliation, assault and battery, intentional infliction of emotional distress, and violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law. After the hotel was repossessed by the lender and the corporations completed Chapter 7 bankruptcy, Plaintiff amended her complaint a fourth time to add claims against Vivak Khanna, Gorav Khanna, and Ajai Agnihotri. Although Plaintiff brings her six substantive claims against only the corporations and Akhtar, she also seeks to hold Defendants Khanna and Agnihotri personally liable by piercing the corporate veil.[2]

---

[1] "Defendants" refers to movants Vivak Khanna and Ajai Agnihotri. Sometime after October 2011, Vivak Khanna transferred 90 percent of his ownership of both corporations to Gorav Khanna. Gorav Khanna also is named as a Defendant, but he has not yet responded to the complaint.

[2] Generally speaking, there is no individual liability under Title VII. See *EEOC v. AIC Securities Investigations, Ltd.,* 55 F.3d 1276, 1279–82 (7th Cir. 1995); *Williams v. Banning,* 72 F.3d 552, 553–55 (7th Cir. 1995). However, a recognized exception to this rule is that shareholders can be made to pay for their company's Title VII violations to the extent a plaintiff can pierce the corporate veil. See *AIC,* 55 F.3d at 1282 n.11; *Worth v. Tyer,* 276 F.3d 249, 262 (7th Cir. 2001).

In May 2014, Defendants Vivak Khanna and Ajai Agnihotri moved to dismiss, arguing that all of the claims against them should be dismissed because Plaintiff lacks standing to bring a veil-piercing claim, and thus, that the Court lacks subject matter jurisdiction. Alternatively, Defendants move to dismiss on the ground that Plaintiff has failed to state a veil-piercing claim.

## II.   Legal Standard

The purpose of a Rule 12(b) motion to dismiss is not to decide the merits of the case. A Rule 12(b)(6) motion tests the sufficiency of the complaint, *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir.1990), while a Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). In reviewing a motion to dismiss under either rule, the Court takes as true all factual allegations in Plaintiffs' complaint and draws all reasonable inferences in their favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Long*, 182 F.3d at 554. To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is

and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original).

Turning to Defendants' challenge to Plaintiff's standing, there are two types of 12(b)(1) challenges—factual and facial—and they have a "critical difference." *Apex Digital Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). When a defendant argues that "the plaintiffs' complaints, even if true, were purportedly insufficient to establish injury-in-fact," the challenge is a facial one. *Id.* at 443-44. "Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject matter jurisdiction." *Id.* at 443 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Factual challenges, however, lie "where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.'" *Id.* (citing *United Phosphorus, Ltd. v. Angus Chem. Co.*, 332 F.3d 942, 946 (7th Cir. 2003)). Courts may look beyond the complaint only when a defendant brings a factual attack against jurisdiction, such as here, where Defendants claim that Plaintiff lacks standing due to proceedings before the bankruptcy court. *Id.*

### III. Analysis

#### A. FRCP 12(b)(1) Motions

Defendants contend that Plaintiff lacks standing to pursue her claims against Defendants Ajai Agnihotri and Vivak Khanna because Plaintiff's claims against Defendants are general claims of the bankruptcy creditors and Plaintiff lost standing to pursue these claims when Ram Shirdi Inc. and American Hotel Partners filed for bankruptcy. More specifically, Defendants argue that Plaintiff's only claim against Defendants is a veil-piercing claim and such a claim does not allege "any injury, let alone a personal injury." Defendants contend that Plaintiff's veil-piercing claim falls within the trustee's purview because the injury plaintiff alleges—that the

4

corporations will not be able to pay any judgment plaintiff obtains for the corporations' retaliation and overtime violations—is an injury felt by all creditors. Defendants also note Plaintiff's allegation that Defendants "dissipated" the corporations' assets "after learning of Plaintiff's charge of discrimination and Federal Complaint." This allegation, Defendants argue, further demonstrates that Plaintiff is seeking to usurp the trustee's power because dissipation of corporate assets harms every creditor.

As pointed out by Defendants, alter ego claims may be brought in bankruptcy by the trustee of a bankrupt corporation. See *Koch Refining v. Farmers Union Central Exchange, Inc.,* 831 F.2d 1339, 1346 (7th Cir. 1987). However, trustees have standing to bring only those claims which apply to all creditors of the debtor corporation generally. *Id.* at 1349. As the Seventh Circuit stated in *Koch Refining* : "If the liability is to all creditors of the corporation without regard to the personal dealings between such officers and such creditors, it is a general claim." *Id.* Alternatively, "the trustee has no standing to bring *personal* claims of creditors. A cause of action is 'personal' if the claimant himself is harmed and no other claimant or creditor has an interest in the cause." *Id.* at 1348 (emphasis in original).

Defendants' argument fails for two reasons. First, the Ram Shirdi and American Partners' bankruptcy trustee was discharged on August 8, 2013 and both cases were closed soon after. See Case Nos. 13–BK–25356 and 13–BK–25358 (N.D. Ill. Bankr.). As a result, there currently is no trustee to bring Plaintiff's alter ego claim. While reopening the cases could produce a trustee, neither reopening a bankruptcy case nor appointing a trustee is an automatic operation certain to occur. See *In re Bianucci,* 4 F.3d 526, 528 (7th Cir. 1993) (a court has broad discretion when it comes to reopening cases and granting a motion to reopen is not mandatory); Fed. R. Bankr. P. 5010 (a trustee can be appointed in a reopened case only after

5

obtaining from the court an express finding that one is *necessary* "to protect the interests of creditors and the debtor or to insure efficient administration of the case."). Therefore, until such uncertain events come to fruition, Plaintiff could not rely on a trustee to prosecute her claims. Accord *Jackson v. Corporategear, LLC,* 2005 WL 3527148, *3 (S.D.N.Y. Dec. 21, 2005).

Second, and even more fundamentally, even if the bankruptcy cases were open (or reopened) and a trustee were in place, the trustee would not have the power to bring Plaintiff's Illinois alter ego claim under § 541 or § 544. Regarding § 541, the *Koch Refining* court based its holding—that Illinois alter ego actions are § 541 property—on the presumption that Illinois law allows a corporation to pierce its own veil. 831 F.2d at 1345. Since the time *Koch Refining* was decided, however, the Illinois Supreme Court has made clear that an Illinois corporation cannot pierce its own veil. *In re Rehabilitation of Centaur Insurance Company,* 632 N.E.2d 1015, 1018-19 (Ill. 1994). As result, Plaintiff's alter ego action cannot constitute property of the debtor-corporations' estates under § 541, and thus no trustee could prosecute Plaintiff's claim on that basis.

As for § 544, any trustee is now time-barred from bringing Plaintiff's claim on behalf of creditors as a class. See 11 U.S.C. § 546. Under § 546, the latest a trustee can bring a claim under §544 is when the bankruptcy case is closed or dismissed. 11 U.S.C. § 546(a). Here, both corporations' bankruptcy proceedings were closed in August 2013. See Case Nos. 13–BK–25356 and 13–BK25358 (N.D. Ill. Bankr.). Since it is too late for any trustee to bring Plaintiff's claim on this basis, § 544 does not inhibit Plaintiff's standing to prosecute her claim.

Finally, it is worth noting that Plaintiff's claims clearly are personal, not general, claims. The fallacy of Defendants' position was clearly articulated by the Seventh Circuit in *Steinberg v. Buczynski*:

> As in our hypothetical about the slip and fall, the only injured person here is the pension fund. If by virtue of the doctrine of piercing the corporate veil the injury is actionable in a suit against the Buczynskis personally—if, by virtue of that doctrine * * * they stand in the shoes of their corporation as debtors to the pension fund—the fund can sue them directly, outside of bankruptcy, since neither the fund nor the Buczynskis are bankrupt. *Lumpkin v. Envirodyne Industries, Inc.,* 933 F.2d 449, 463 (7th Cir. 1991); *Ashland Oil, Inc. v. Arnett,* 875 F.2d 1271, 1280 (7th Cir. 1989); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1101 (2d Cir. 1988). The fund can sue them; the trustee cannot. When a third party has injured not the bankrupt corporation itself but a creditor of that corporation, the trustee in bankruptcy cannot bring suit against the third party. He has no interest in the suit * * * * The claim in such a case is said to be "personal," not "general." *Koch Refining v. Farmers Union Central Exchange, Inc., supra,* 831 F.2d at 1348; *Lumpkin v. Envirodyne Industries, Inc., supra,* 933 F.2d at 463.

*Steinberg*, 40 F.3d 890, 892-93 (7th Cir. 1994). The court further indicated that there is a critical difference "between a creditor's interest in the claims of the corporation against a third party, which are enforced by the trustee, and the creditor's own direct—not derivative—claim against the third party which only the creditor himself can enforce." *Id.* at 893. Plaintiff's alter ego claims against Defendants could not have been asserted in the bankruptcy proceeding because they were not claims of the creditors generally but claims unique to her. See also *Lumpkin v. Envirodyne Industries, Inc.*, 933 F.2d 449, 463 (7th Cir. 1991). The trustee would not be interested in her claims at all. For all these reasons, Defendants' standing argument falls flat.

### B. FRCP 12(b)(6) Motions

Turning to Defendants' 12(b)(6) argument, under Illinois law, the corporate veil will be pierced if: "(1) there is such a unity of interest and ownership that the separate personalities of the corporation and the parties who compose it no longer exist, and (2) circumstances are such that adherence to the fiction of a separate corporation would promote injustice or inequitable

circumstances." *Buckley v. Abuzir,* 8 N.E.2d 1166, 1170 (Ill. App. Ct. 1st Dist. 2014). Defendants contend that the second prong of this test has not been met.

The second prong of the veil-piercing analysis "is best understood as asking if there has been an abuse of limited liability." *On Command Video Corp. v. Roti,* 705 F.3d 267, 273 (7th Cir. 2013). This requires something less than an affirmative showing of fraud, but something more than the mere prospect of an unsatisfied judgment. *Wachovia Securities, LLC v. Banco Panamericano, Inc.,* 674 F.3d 743, 756 (7th Cir. 2012). A plaintiff must show that the person to be held liable personally benefited from the alleged abuse of the corporate form. See *On Command,* 705 F.3d at 273–74.

In *Sea–Land Services, Inc. v. Pepper Source,* the Seventh Circuit described the types of cases in which courts have found the second prong satisfied:

> [W]e see that the courts that properly have pierced corporate veils to avoid "promoting injustice" have found that, unless it did so, some "wrong" *beyond a creditor's inability to collect* would result: the common sense rules of adverse possession would be undermined; former partners would be permitted to skirt the legal rules concerning monetary obligations; a party would be unjustly enriched; a parent corporation that caused a sub's liabilities and its inability to pay for them would escape those liabilities; or an intentional scheme to squirrel assets into a liability-free corporation while heaping liabilities upon an asset-free corporation would be successful.

941 F.2d 519, 524 (7th Cir. 1991) (emphasis added).

Here, Plaintiff alleges that she has pled sufficient facts to show that piercing the corporate veil would prevent a fraud or injustice. However, Plaintiff's facts do not allow the Court to infer more than the mere possibility of the abuse of limited liability. See *Iqbal,* 556 U.S. at 679. Plaintiff has many conclusory allegations, such as defendants "used [the corporations] as their alter ego"; the corporations were "a mere façade for the hotel operations of [defendants]"; "[t]o the extent a corporate shell separates [defendants] any corporate formalities and limited liability

8

should be disregarded"; "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice"; and "this Court should pierce the corporate veil and hold [defendants] liable for [the corporations'] obligations." Yet these conclusory allegations merely recite the formulaic elements of the cause of action and are not sufficient to state a claim.

Turning to the additional allegations, Plaintiff claims that the various corporations controlled by Defendants, including Ram Shirdi and American Partners, lacked horizontal corporate distinction. While such allegations would be relevant if Plaintiff were attempting a sideways piercing (see *On Command,* 705 F.3d at 273), they are not relevant to Plaintiff's attempt to pierce through to Defendants. Further, even favorably construing these allegations as relevant to Plaintiff's claim, they are at best relevant only to the first prong of corporate veil-piercing (unity of interests), which Defendants do not contest. Nothing about the absence of horizontal corporate distinction as pled suggests an effort by the individual Defendants to personally skirt monetary obligations.

Plaintiff's strongest allegations are as follows: (i) the corporations "also paid Pervez Akhtar tens of thousands of dollars in management fees even though they claim he did not perform any management or managerial services in any way"; (ii) the corporations' "undercapitalization lead [sic] to the bankruptcy of [the corporations]"; and (iii) "upon information and belief [defendants] dissipated [the corporations'] assets and dissolved the entities after learning of [p]laintiff's charge of discrimination and Federal Complaint." Taken as true, these allegations do not demonstrate that "adherence to the fiction of a separate corporation would promote injustice or inequitable circumstances." *Buckley,* 8 N.E. at 1170. First, that Akhtar received "tens of thousands of dollars in management fees" does not suggest that Defendants purposely shifted funds to avoid paying a debt, or that Defendants Khanna and

9

Agnihotri were otherwise unjustly enriched. See *Sea–Land,* 941 F.2d at 524. Plaintiff does not claim, for example, that Defendants paid Akhtar as a means of covertly pocketing money themselves.

Second, while Defendants dissipating the corporations into bankruptcy is consistent with a scheme to abuse the corporate form, these allegations are insufficient on their own to nudge Plaintiff's veil-piercing claim "across the line from conceivable to plausible" (*Twombly,* 550 U.S. at 570), because dissipation of corporate assets is as consistent with unjust enrichment as it is with the typical dealings of a downwardly spiraling business. Like a naked assertion of conspiracy in the antitrust context, a naked assertion of dissipation in the veil-piercing context "gets the complaint close to stating a claim, but without some further factual enhancement [e.g., that defendants transferred the assets to themselves for little or no consideration,] it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 557 (quotation omitted).

In short, Plaintiff's allegations simply do not suggest that Defendants Khanna and Agnihotri acted to order to receive a pecuniary or tangible benefit. Instead, the thrust of her claim is that the corporations are bankrupt, they won't have any assets to satisfy a judgment, and thus the Court should pierce the corporate veil and hold the Khannas and Agnihotri liable for the corporations' obligations. Plaintiff's prospect of an unsatisfied judgment, while admittedly unfortunate, is not sufficient to establish that piercing the corporate veil would prevent fraud or injustice. See *Hystro Products, Inc. v. MNP Corp.*, 18 F.3d 1384, 1390 (7th Cir. 1994) ("Although the 'promote injustice' test requires something less than an affirmative showing of fraud, it requires something more than the mere prospect of an unsatisfied judgment."). Thus,

Plaintiff has failed to state a piercing-the-corporate-veil claim against Defendants Khanna and Agnihotri and their motions to dismiss on 12(b)(6) grounds will be granted.[3]

IV.  **Conclusion**

For these reasons, the Court grants in part and denies in part Defendants' motions to dismiss [195 and 198].  To the extent that Defendants' have moved to dismiss for lack of subject matter jurisdiction pursuant to 12(b)(1), their motions are denied.  However, their motions are granted with respect to their 12(b)(6) arguments that Plaintiff has failed to state a claim, and Plaintiff's claims against Defendants Ajai Agnihotri and Vivak Khanna are dismissed without prejudice.

Dated:  September 15, 2014

_____
Robert M. Dow, Jr.
United States District Judge

---

[3] Plaintiff argues that Defendants can be liable, without piercing the veil, for violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law.  However, Plaintiff's complaint does not allege substantive claims against Defendants—only the veil-piercing claim.  Because Plaintiff cannot amend her complaint with her brief (see *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 448 (7th Cir. 2011)), she has not stated a claim against these Defendants for violations of the FLSA or the IMWL.  If Plaintiff believes she can state a viable claim against these Defendants for violations of the FLSA or IMWL, she may timely request leave of court to do so.